# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PHOENIX TECHNOLOGIES INTERNATIONAL, LLC; APG POLYTECH, LLC; APG POLYTECH USA HOLDINGS, INC., and EVEREST TEXTILE USA LLC<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; HOWARD LUTNICK, *in his official capacity as Secretary of Commerce*; RODNEY S. SCOTT, *in his official capacity as Commissioner of United States Customs and Border Protection*; JAMIESON GREER, *in his official capacity as the United States Trade Representative*; and OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE,<br><br>Defendants. | Case No. 26-03922 |

## COMPLAINT

Plaintiffs Phoenix Technologies International, LLC, APG Polytech, LLC, APG Polytech USA Holdings, Inc., and Everest Textile USA LLC (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this civil action against Defendants and allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs commence this action to obtain relief in the form of a refund of import duties unlawfully imposed and collected under Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132 *et seq*.

2. Beginning in February 2025, the President of the United States issued a series of executive orders purporting to impose *ad valorem* tariffs on imported merchandise by invoking International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*.

3. After the U.S. Supreme Court, in *Learning Resources, Inc. v. Trump*, 146 S. Ct. 628 (2026), held that the tariffs imposed pursuant to IEEPA were unlawful, the President issued Proclamation No. 11012 ("Challenged Proclamation") that imposes 10% global tariffs under Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132 *et seq.* ("Section 122 Tariffs"). *See* Proclamation No. 11012 (Feb. 20, 2026), 91 Fed. Reg. 9339 (Feb. 25, 2026).

4. Acting pursuant to the Challenged Proclamation, CBP assessed and collected Section 122 Tariffs on imports originating from foreign countries, including those from which Plaintiffs source their products from February 24, 2026, to July 24, 2026.

5. On May 7, 2026, the United States Court of International Trade ("CIT") invalidated the Section 122 Tariffs as pertaining to the named plaintiffs in the action The government's appeal against this decision is currently pending. *State of Oregon v. Trump*, No. 2026-1804 (Fed. Cir. 2026).

## JURISDICTION

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1581, because this action is commenced against an officer of the United States and arises out of a law of the United States providing for tariffs. 28 U.S.C. § 1581(i)(1)(B).

7. This Court also has jurisdiction under 28 U.S.C. § 2631(i) because Plaintiffs are a person adversely affected or aggrieved by agency action within the meaning of 5 U.S.C. § 702.

8. This Court has the same powers at law, in equity, and as conferred by statute as a United States District Court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court

can enter a money judgment against the United States and can order any other appropriate civil relief. 28 U.S.C. §§ 2643(a)(1), (c)(1).

9. This Court has the same powers at law, in equity, and as conferred by statute as a United States District Court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief. 28 U.S.C. §§ 2643(a)(1), (c)(1).

## PARTIES

10. Each Plaintiff is an importer of record of merchandise subject to the Section 122 Tariffs.

11. Defendant the United States of America is the federal government of the United States of America.

12. Defendant United States Customs and Border Protection is responsible for administering and collecting tariffs directed by the tariffs challenged herein.

13. Defendant Howard Lutnick, in his official capacity, is the Secretary of Commerce. He is responsible for implementing the tariffs challenged herein.

14. Defendant Rodney S. Scott, in his official capacity, is the Commissioner of United States Customs and Border Protection. He is responsible for administering and collecting the tariffs challenged herein.

15. Defendant Jamieson Greer, in his official capacity, is the United States Trade Representative. He is responsible for implementing the tariffs challenged herein.

16. Defendant the Office of the United States Trade Representative ("USTR") is responsible for implementing the tariff policy challenged herein.

## STANDING

17. To establish Article III standing, a plaintiff must show injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). Plaintiffs are harmed by the Section 122 Tariffs because Plaintiffs have imported goods subject to the Section 122 Tariffs and, therefore, have paid and would be required to continue paying these tariffs to the U.S. government. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) ("If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III."); *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 599 (2007) ("being forced to pay" money to the government "causes a real and immediate economic injury"). An order from this Court requiring refund of all duties paid will redress these injuries by reversing the costs incurred by Plaintiffs' respective businesses.

## TIMELINESS

18. Plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). President Trump issued Proclamation No. 11012 on February 20, 2026, and, thus, this Action is timely filed.

## STATEMENT OF FACTS

19. On the day that the U.S. Supreme Court struck down the IEEPA tariffs, the President signed the Challenged Proclamation to impose 10% tariffs on the vast majority of imported goods from all countries pursuant to Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132. Proclamation No. 11012 (Feb. 20, 2026), 91 Fed. Reg. 9339 (Feb. 25, 2026).

20. The Section 122 Tariffs became effective on February 24, 2026.

21. Section 122 exists to permit a limited tariff authority to address "fundamental international payments problems" that require "special import measures to restrict imports" to deal with "large and serious balance-of-payments deficits," among other things. 19 U.S.C. § 2132(a).

22. On May 7, 2026, the CIT invalidated the Section 122 Tariffs in *Oregon v. United States and Burlap and Barrel, Inc. v. United States*, Slip. Op. 26-47, Court No. 26-01472-3JP. The Court held that the Section 122 Tariffs exceeded the authority granted by Congress and were therefore unlawful. The Court rejected the Government's expansive interpretation of Section 122, holding that the conditions identified in Proclamation 11012—including the United States' trade deficit, current-account deficit, and negative net international investment position—did not constitute the type of "large and serious" balance-of-payments deficit contemplated by the statute.

23. The Government appealed the decision to the U.S. Court of Appeals for the Federal Circuit on May 8, 2026, and that appeal remains pending. *State of Oregon v. Trump*, No. 2026-1804 (Fed. Cir. 2026)

24. Plaintiffs have imported goods subject to the Section 122 Tariffs.

25. These tariffs, which were imposed from February 24, 2026, until their statutory expiration on July 24, 2026 (pursuant to 19 U.S.C. § 2132(a)(3), have caused Plaintiffs' respective businesses to suffer direct, cognizable financial harm as it has faced additional costs arising from the tariffs.

**<u>CLAIMS FOR RELIEF</u>**

**COUNT I**

**REFUND OF DUTY OVERPAYMENTS**

26. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

27. Beginning on February 24, 2026, President Trump issued the Challenged Proclamation that imposed 10% tariffs on goods imported into the United States pursuant to Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132 *et. seq*.

28. U.S. Customs and Border Protection ("CBP") liquidated those entries and assessed the Section 122 Tariffs.

29. The CIT held in *Oregon v. United States* and *Burlap and Barrel, Inc. v. United States*, Slip. Op. 26-47, Court No. 26-01472-3JP that the President exceeded his authority by imposing the Section 122 Tariffs. Because the President exceeded his authority by imposing the Section 122 Tariffs, the Challenged Proclamation is without statutory authority and contrary to law.

30. Plaintiffs therefore paid duties on the subject entries in excess of what was lawfully owed.

31. 19 U.S.C. § 1520(a)(1) authorizes the refund of duties whenever it is ascertained upon liquidation or reliquidation that more money has been deposited or paid as duties than was required by law.

32. CBP's regulations likewise require the refund of excessive duties and interest paid upon an entry. *See* 19 C.F.R. § 24.36.

33. Because the Section 122 Tariffs were contrary to law, Plaintiffs are entitled to reliquidation of the subject entries without the unlawful duties.

34. Plaintiffs are further entitled to a refund of the duties unlawfully assessed and paid, together with interest as provided by law.

## COUNT II

## DECLARATORY RELIEF, 28 U.S.C. § 2201

35. Plaintiffs reallege and incorporate herein by reference the foregoing Paragraphs of the Complaint as if fully set forth herein.

36. Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

37. Plaintiffs' claim presents an actual controversy as to the President's authority under Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132 and the authority of CBP to implement and collect the resulting tariffs.

38. Plaintiffs are importers of record and have suffered injury by having been required to pay Section 122 Tariffs as a result of the Challenged Proclamation on goods it has imported into the United States.

39. This Court can exercise its equitable power to enter a declaratory judgment that the Challenged Proclamation is unlawful for any of the above reasons, and that CBP lacks authority to implement and collect the resulting tariffs, as to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter an order and judgment that:

a. declares that the Section 122 Tariffs imposed under the Challenged Proclamation are unlawful, void *ab initio*, and without effect as applied to Plaintiffs;

b. declares that, with respect to Plaintiffs, CBP lacks the authority to implement, enforce, administer, and collect the Section 122 tariffs imposed under the Challenged Proclamation;

c. orders CBP to reliquidate any entries that have been liquidated with Section 122 Tariffs;

d. orders CBP to liquidate all unliquidated entries subject to Section 122 Tariffs without Section 122 Tariffs;

e. orders the United States to refund to Plaintiffs the duties collected from Plaintiffs on all entries subject to Section 122 Tariffs, with interest as provided by law;

f. awards Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action; and

g. grants such other and further relief as the Court deems just and proper.

Dated: September 9, 2026

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

Daniel R. Wilson
1500 K Street NW, Suite 1100
Washington, DC 20005
(202) 230-5211

*Attorneys for Plaintiffs Phoenix Technologies International, LLC, APG Polytech, LLC, APG Polytech USA Holdings, Inc., and Everest Textile USA LLC*

**CERTIFICATE OF SERVICE**

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on September 9, 2026, I served a copy of the Summons, Complaint, Form 5, Form 11, and Form 13 by certified mail, return receipt requested, upon the following:

Attorney-In-Charge
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
26 Federal Plaza
New York, NY 10278

Rodney Scott
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, NW
Washington, DC 20229

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

Jamieson Greer
Office of the United States Trade Representative
600 17th Street, NW
Washington, DC 20508

Attorney-In-Charge
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

Attorney-In-Charge
Office of General Counsel
Office of the United States Trade Representative
600 17th Street NW
Washington, DC 20508

Howard Lutnick
U.S. Department of Commerce
1401 Constitution Avenue, NW
Washington, DC 20230

*/s/ Daniel R. Wilson*